Bigelow, J.
This is an action of assumpsit, to recover the amount of a promissory note, dated October 26, 1848, signed “ I. F. Woodman & Company.” The plaintiffs claimed to recover against I. F. Woodman and E. W. Woodman, the two defendants, upon the ground that they were copartners in business, at the time the note was given, under the firm of I. F. Woodman & Co. No service was made on I. F. W., and the only question tried before the jury was, whether, at the time aforesaid, E. W. Woodman was a copartner, and so liable on the note. Various exceptions were taken to the rulings of the judge at the trial, all of which relate to the competency of evidence.
*260 1. The plaintiffs sought to prove, that, in the summer of 1848, and until I. F. Woodman commenced business under the firm of I. F. Woodman & Co., his credit in the market was bad. This testimony was rejected by the judge, and we think rightly; because it had no tendency to prove the issue before the jury, and was entirely irrelevant. The credit of I. F. Woodman had no bearing on the question of the liability of E. W. Woodman as a copartner.
2. The judge also rightly rejected all the statements made by the witness, Thurston, to the plaintiffs, as to the connection of E. W. Woodman with I. F. Woodman; and all inquiries made by the plaintiffs of Thurston, as to the credit of said firm and the persons of whom it was composed ; and also all the statements made by I. F. Woodman to Thurston, and by him repeated to the plaintiffs; because no proper foundation was laid to render such evidence admissible as against E. W. Woodman. The authority of Thurston and of I. F. Woodman to bind E. W. Woodman by their statements and declarations, depended entirely upon the existence of the copart-nership. Until that was proved, E. W. Woodman was not shown to have had any connection with either of them ; and, as that was the very point in controversy before the jury, to be determined by their verdict, evidence which could be admissible only upon the assumption of the existence of the copartnership, was clearly incompetent, when offered to prove the fact upon which its competency depended. 1 Greenl. Ev. § 177; Collyer on Part. 454; Tuttle v. Cooper, 5 Pick. 414 Robbins v. Willard, 6 Pick. 464.
3. So, too, the question put by the plaintiffs to their witness, Thurston, upon his reexamination, in relation to a conversation between him and I. F. Woodman, was properly excluded; because it does not appear that any such conversation was inquired into by the defendants on cross-examination.
4. The next exception is founded on the refusal of the judge to admit in evidence a former judgment between the same parties, in which the plaintiffs recovered against the same defendants, as copartners, upon a promissory note *261 signed I. F. Woodman & Co., bearing date December 2, 1848. We consider the rule -well settled in this commonwealth, that, to render a former judgment between the same parties admissible in evidence, in another action pending between them, it must appear that the fact sought to be proved by the record was actually passed upon by the jury, in finding their verdict in the former suit. It is not necessary that it should have been directly and specifically put in issue by the pleadings, but it is sufficient if it is shown that the question which was tried in the former action between the same parties is again to be tried and settled, in the suit in which the former judgment is offered in evidence. And parol evidence is admissible to show that the same fact was submitted to, and passed upon by the jury, in the former action; because, in many cases, the record is so general in its character, that it could not be known, without the aid of such proof, what the precise matter in controversy was, at the trial of the former action. Standish v. Parker, 2 Pick. 20; Parker v. Standish, 3 Pick. 288; Parker v. Thompson, 3 Pick.429; Spooner v. Davis, 7 Pick. 147 ; Eastman v. Cooper, 15 Pick. 276, 280. Applying these well-settled principles to the case at bar, it will be found that the judgment offered in evidence by the plaintiffs falls clearly within them, and ought not to have been excluded by the judge. The fact which the plaintiffs sought to prove was, that a copartnership existed between I. F. Woodman and E. W. Woodman, under the name of “ I. F. Woodman & Co.,” in December, 1848, at the time the noté in suit was given. This was the very fact in dispute between the parties at the trial. The judgment, which was offered in proof of this fact by the plaintiffs, was recovered by them against the same defendants, doing business under the same firm, as copartners, and upon a note of hand, which they offered to show was given at the same time with the note in suit. The fact of copartnership, in December, 1848, was the fact to be proved. It was essential to the finding of the former verdict, without proof of which it could not have been recovered. It is, therefore, admissible in evidence, though not conclusive, when the same question is again to be *262 tried between the same parties. The principles laid down and illustrated in Eastman v. Cooper, ubi supra, are decisive of this point, and render further argument and authority unnecessary.
5. The remaining exception is founded on the rejection of a letter offered in evidence by the plaintiffs, written by Thurs-ton, the agent of I. F. Woodman & Co., to the defendant, E. W. Woodman. We think it very clear, that this letter would have been incompetent to affect E. W. Woodman, were it not for the conversation respecting it between him and Thurston, in Boston, which was proved by the plaintiffs. There is a marked distinction between acquiescence in the verbal statements of others, and the omission to answer letters written to a party by third persons. Commonwealth v. Eastman, 1 Cush. 189, 215. The former renders the statements admissible, while the latter does not make the letters competent evidence. But, upon a consideration of the subject-matter of this letter, the circumstances under which it was written, as stated to E. W. Woodman, the information which it conveyed to him, that his name and credit were being used in the firm of I. F. Woodman & Co., the direct application which it contains to him, to give a reply, together with the subsequent conversation with Thurston, in regard to the letter and its contents, accompanied by a refusal, on the part of the defendant, to admit or deny the fact of his copartnership with I. F. Woodman, we are of the opinion that it does not come within the rule excluding letters which a party has omitted to answer, and that it was competent evidence to be submitted to the jury, in connection with the other testimony relating to it. It falls within the rule which renders competent all admissions arising, or fairly to be inferred, from the acquiescence of a party. Exceptions sustained.